Lake Erie, etc., Railroad Company *v.* City of Noblesville.

proof that appellant, Mary D. Moore, acquiesced in the placing of the credits upon her husband's accounts.

Moreover, even if the entire amount of $75.00 had been credited upon the note, it would not have paid the whole of it with the interest thereon.   There was, therefore, some amount due the appellees on the note which they were entitled to recover, and this being true, they were also entitled to recover an attorney's fee.   There was no reason or ground assigned in the motion for a new trial that the recovery was too large.   No question can therefore arise on appeal upon the excessiveness of the recovery.   Section 568, Burns' R. S. 1894, subd. 5; *Bartlett* v. *Burden*, 11 Ind. App. 419.

Judgment affirmed.

---

## LAKE ERIE AND WESTERN RAILROAD COMPANY *v.* CITY OF NOBLESVILLE.

[No. 2,263.   Filed September 25, 1896.]

From the Clinton Circuit Court.   *Affirmed.*

*John B. Cockrum,* and *Shirts & Kilbourne,* for appellant.

*John F. Neal,* for appellee.

GAVIN, J.—This case is upon its merits identical with that of *Lake Erie, etc., R. R. Co.* v. *City of Noblesville,* 15 Ind. App. 697.   It is, therefore, affirmed.

---

## STEADING *v.* STROUSE ET AL.

[No. 2,046.   Filed Nov. 24, 1896.   Rehearing denied Jan. 29, 1897.]

From the Marion Superior Court,   *Affirmed.*

*Upton J. Hammond* and *Edwin St. George Rogers,* for appellant.

*J. W. Holtzman* and *J. M. Leathers,* for appellees.

LOTZ, C. J.—The appellees sued the appellant to recover commissions on the sale of real estate, and recovered judgment in the court below.   The only error assigned in this court is the overruling of the motion for a new trial.   It is insisted that the finding is contrary to

the law and not supported by sufficient evidence. The appellant asserts that there was no evidence whatever to support the finding. We have given the evidence a careful consideration and find that there is some testimony tending to support the finding. It is true that such testimony is meager and unsatisfactory, but, under the familiar rule, this court will not weigh the evidence under such circumstances; the cause must, therefore, be affirmed.

Judgment affirmed.

#### ON PETITION FOR REHEARING.

COMSTOCK, C. J.—We have carefully considered the argument of the learned counsel on petition for rehearing, and have examined the questions presented by the record.

In our opinion, the conclusion reached by the court, as announced by Lotz, C. J., is correct.

The petition for rehearing is, therefore, overruled.